IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CR-00061-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | O R D E R |
| JOSE JUAN ALVAREZ-HERRERA, ) | |
| ) | |
| Defendant. ) | |

This matter comes before this court on the government's motion for authorization to take saliva samples and for expedited ruling [DE-112], to which Defendant has responded in opposition [DE-114]. On April 17, 2014, the undersigned heard argument from the parties on the motion, which is ripe for ruling. For the reasons that follow, the motion is allowed.

## I. STATEMENT OF THE CASE

On March 12, 2013, the Grand Jury charged Defendant and a co-defendant, Jose Trinidad Soto-Sanchez, by indictment with illegal alien in possession of a firearm and ammunition, aiding and abetting, in violation of 18 U.S.C. §§ 922(g)(5)(a), 924, and 2 (Count One); illegal alien in possession of ammunition, aiding and abetting, in violation of 18 U.S.C. §§ 922(g)(5)(a), 924, and 2 (Count Two); and illegally eluding examination or inspection by immigration officers in violation of 8 U.S.C. § 1325(a) (Count Three). [DE-1]. On March 11, 2014, Defendant pled not guilty on each of the three counts [DE-103], and the trial of this matter is scheduled to commence on June 10, 2014 [DE-109]. The co-defendant, Soto-Sanchez, pled guilty pursuant to a plea agreement to one count of illegal alien in possession of a firearm and ammunition, aiding and abetting, and his sentencing is scheduled for the court's July 8, 2014 term. *See United States v. Soto-Sanchez*, No.

5:13-CR-61-FL-2 [DE-104, -107, -108] (E.D.N.C. Mar. 11, 2014).

## II. DISCUSSION

The government seeks an order authorizing the taking of a sample of Defendant's saliva containing buccal cells (cheek epithelial cells) for comparison with questioned samples to use in preparation for and the trial of this case. Gov't's Mot. [DE-112] at 1. Specifically, the government asserts: a victim reported that on October 14, 2012, Defendant shot her in the face and upon a search of Defendant's residence, a shirt was recovered which had dark red stains on it, consistent with blood stains; witnesses report the shirt belongs to Defendant; and DNA testing is sought for the shirt, to discern if it was in fact worn by Defendant. *Id.* at 1-2. At the hearing, the government elaborated that the DNA testing is necessary for identity purposes to corroborate the government's theory that Defendant was inside the van when the gun was fired. Defendant opposes the motion on the grounds that it violates his Fourth Amendment right to be free from unreasonable searches and seizures. Def.'s Resp. [DE-114] at 1.

The Supreme Court has recognized that a buccal swab is a search, explaining that "[v]irtually any intrusio[n] into the human body will work an invasion of cherished personal security that is subject to constitutional scrutiny[.]" *Maryland v. King*, — U.S. —, 133 S. Ct. 1958, 1969 (2013) (internal quotation marks and citations omitted). However, the court went on to explain,

> A buccal swab is a far more gentle process than a venipuncture to draw blood. It involves but a light touch on the inside of the cheek; and although it can be deemed a search within the body of the arrestee, it requires no "surgical intrusions beneath the skin." *Winston* [*v. Lee*, 470 U.S. 753, 760 (1985)]. The fact than an intrusion is negligible is of central relevance to determining reasonableness, although it is still a search as the law defines that term.

*Id.* Thus, the court must "'balance the privacy-related and law enforcement-related concerns to

2

determine if the intrusion [i]s reasonable.'" *Id.* at 1970 (quoting *Illinois v. McArthur*, 531 U.S. 326, 331 (2001)).

Here, the court finds the government's request to take a saliva sample from Defendant to be reasonable and, thus, not violative of the Fourth Amendment. Defendant is charged with possession of a firearm and ammunition, aiding and abetting, and the government seeks to utilize the saliva sample to identify Defendant as being present when the victim was shot, which constitutes favorable and material evidence. While Defendant urges that "[h]e has admitted to having been present with the victim during the relevant time frame," Def.'s Resp. at 1, the government persuasively argued at the hearing that Defendant has not stipulated to being present with the victim at the time of the shooting and the government is entitled to discovery of this evidence to corroborate the testimony of the law enforcement officer that took Defendant's statement. *See United States v. Acevedo*, No. 12-10120-GAO, 2014 WL 1326544, at *4 (D. Mass. Mar. 28, 2014) (allowing government to take additional buccal swabs from defendants post-arrest to use for comparison to DNA samples taken from the crime scene). Moreover, the court notes that Congress has authorized the Attorney General to "collect DNA samples from individuals who are arrested, facing charges, or convicted or from non-United States persons who are detained under the authority of the United States." 42 U.S.C. § 14135a(a)(1)(A). *See also Acevedo*, 2014 WL 1326544, at *4 ("[T]he fact that just because a buccal swab was taken at the time of arrest does not preclude another sample.") (citing *King*, 133 S.Ct. at 1965 (following the initial identification of King through CODIS as the perpetrator of the rape, additional DNA testing of King was performed to link King to the rape)).

At the hearing, Defendant argued that the court's denial of Defendant's prior request that the government be compelled to submit the victim's rape kit obtained on October 14, 2012, to the SBI

3

for DNA testing, which Defendant contended was material in confronting the witnesses against him, counsels the same result here. *See* April 7, 2014 Order [DE-113] at 12-13. In ruling on Defendant's request, the court determined that Defendant failed to sufficiently demonstrate what favorable and material evidence he hoped to glean from the results of the requested DNA test. *Id.* The Defendant had asserted that Soto-Sanchez and the victim had differing accounts of whether the victim was raped on October 14, 2012; however, the court concluded the requested DNA analysis of the rape kit would only show the presence of sexual contact and no evidence of whether such contact was consensual and, thus, denied the request. Here, the Defendant's presence, or lack thereof, when the gun was fired is a material issue to which the requested DNA testing has relevance. Accordingly, the court's prior ruling denying Defendant's request to have DNA testing on the victim's rape kit is not dispositive of the government's request to obtain a saliva sample from Defendant.

In sum, given the legitimate purpose for obtaining the saliva sample and the minimal intrusion on Defendant, the court finds the taking of a saliva sample from Defendant is reasonable.

### III. CONCLUSION

For the reasons set forth above, the government's motion for authorization to take saliva samples and for expedited ruling is ALLOWED [DE-112].

SO ORDERED, this the 21st day of April 2014.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

4